IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,331; AP-75,332; AP-75,333






EX PARTE CLAYTON DANIEL WILSON, Applicant






ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


 CAUSE NOS. 0826496D, 0826507D, 0854229D IN THE 297TH JUDICIAL 
 DISTRICT COURT OF TARRANT COUNTY




 Per Curiam.

O P I N I O N





 These are post-conviction applications for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of three
felony offenses of aggravated sexual assault of a child, and punishment was assessed at life 
imprisonment in each cause. Applicant appealed, and his convictions were affirmed. Wilson
v. State, Nos. 02-03-255-CR, 02-03-256-CR, and 02-03-257-CR (Tex. App. -- Fort Worth,
delivered February 26, 2004, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file petitions for
discretionary review because his appellate attorney did not timely notify him that his
convictions had been affirmed or that he could seek discretionary review, pro se. The trial
court, based upon an affidavit from appellate counsel, recommended that relief be granted. 
The record reflects that counsel did not timely inform Applicant that his conviction had been
affirmed or that he could file a petition for discretionary review from his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file out-of-time petitions for discretionary review from his convictions in cause numbers 0826596D,
0826507D, 0854229D from the 297th Judicial District Court of Tarrant County. Applicant
is ordered returned to the point at which he can file a meaningful petitions for discretionary
review. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the Court of Appeals' decisions had been rendered on the day the mandate
of this Court issues. We hold that should Applicant desire to seek discretionary review, he
must take affirmative steps to see that his petitions are filed in the Court of Appeals within
thirty days of the date the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: February 1, 2006

DO NOT PUBLISH